Mullan v. O'Shea.

## Sophia Mullan v. B. J. O'Shea.

1. DECREES—*Must be Supported by the Evidence.*—A decree on a creditor's bill must be supported by the evidence.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 2, 1899.

**Statement.**—Appellee, a judgment creditor of Oscar E. Mullan, filed a creditor's bill, seeking thereby to reach certain personal property in possession of appellant. Sophia Mullan, the appellant, is the wife of Oscar E. Mullan, the judgment debtor. It is alleged in the bill of complaint that Oscar E., while indebted to appellee, conveyed to appellant the merchandise, fixtures, etc., contained in a store located on Archer and Hart avenues in the city of Chicago; that such conveyance was without consideration, and was not made in conformity with the requirements of the statute

governing transfers of personal property from husband to
wife. The bill sought to subject this property to the satis-
faction of the judgment. Appellant answered under oath
that the property described was conveyed by Oscar E. Mul-
lan to appellant for a valuable consideration and before said
Oscar became indebted to appellee; admits that no bill of
sale was ever executed by Oscar to convey the property;
avers that appellant was a surety upon promissory notes
made by Oscar to the amount of more than one thousand
dollars; avers that the transfer of the property described
was to secure appellant against loss by reason of her sign-
ing such notes as surety; avers that all the property so
transferred by Oscar to appellant was sold by appellant
and the proceeds applied in payment of said promissory
notes ; avers that the property now owned by appellant
was purchased with her own individual funds; that no
part of the property transferred by Oscar is now in pos-
session of appellant, and that no proceeds of the disposi-
tion of such property was used in the purchase of the
property now owned by appellant. The property now
owned by appellant consists of the stock of goods, fixtures,
etc., of a store on West Twenty-second street in Chicago,
and it is averred in her answer (though not alleged in the
bill of complaint) that a stock of goods, fixtures, etc., at
this location also was transferred by Oscar E. Mullan to
appellant, and for the same purpose, and was wholly dis-
posed of in payment of the promissory notes executed by
Oscar, and by appellant as surety. After replication, the
cause was referred to a master in chancery to take evi-
dence and report conclusions.

Upon the hearing before the master the following
admissions were made by appellee :

" Complainant admits the witnesses for defendants will
swear to the facts corroborative of every allegation in
their answers, except the allegation of defendants that the
transfer was made when Oscar E. Mullan was not indebted
to complainant.

" Complainant also admits that Mrs. Mullan will testify
that all the goods conveyed to her by her husband have

been sold, and that not one of those articles of personal property is now in her possession."

And again, upon objection to certain testimony:

"By Mr. O'Shea: I object to that because it is among the admissions that have been made.   I admit that the allegations in the answer are true."

"By the Master: All the allegations in the answer are admitted."

And again, upon further objections to testimony:

" Mr. O'Shea: I object to that because she has stated the history of it in her answer.   I admit that the property has long since been sold; the stock of dry-goods has been sold by the witness ; I admit that, and that none of said goods still remain in the possession of said Sophia Mullan."

" Mr. Wilcox: And that the fixtures are hers ? "

" Mr. O'Shea: If she will say that, I will admit that it is so.   Complainant admits that the stock of goods received from her husband was received by way of security for payments which Mrs. Mullan made to John V. Farwell for her husband, to pay her husband's debts."

There was no evidence whatever to the effect that any of the property now held by appellant, viz., the stock of goods, fixtures, etc., in the store now conducted by her, was purchased with proceeds of the goods previously transferred by Oscar E. Mullan to her.

The master found " that all the material allegations of the bill are sustained ; that said transfer was invalid; that the business is still the business of Oscar E. Mullan ; that complainant's judgment should be paid out of said goods in the hands of Sophia Mullan."

The court decreed in accordance with the findings and recommendations of the master.   The decree is in part as follows:

" That V. Rolland O'Shea be confirmed as receiver of said goods at No. 751 West Twenty-second street, held by Sophia Mullan ; that said receiver take sufficient of said goods to satisfy the above judgment and costs of the receivership and sell the same to the highest bidder."

From that decree this appeal is prosecuted.

L. P. Wilcox, attorney for appellant.

P. J. O'SHEA, attorney *pro se.*

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Both the bill of complaint and the decree proceed upon the theory that goods in the possession of appellant are equitably subject to the payment of the judgment against Oscar E. Mullan. The evidence does not sustain the allegations of the bill or the findings of the decree in this behalf. Moreover, the averments of the answer, made under oath, in response to the requirements of the bill, deny specifically all such allegations. And if there was any evidence tending to support these allegations of the bill, it is all rendered of no avail by the admissions of appellee. He admits, in effect, that the goods received by appellant from Oscar E. Mullan were entirely disposed of by appellant in the payment of the debts of Oscar. He also admits that no part of the property now sought to be reached by the decree and subjected to the payment of appellee's judgment was received from Oscar, the judgment debtor, or purchased with proceeds of property received from him.

It does not appear that the judgment debtor has any equitable interest whatever in the goods subjected by the decree to the payment of the judgment against him. Therefore, the decree is not supported by the evidence, but, on the contrary, is against the admitted facts.

There can be no question in this case as to the force of the statute regulating transfers of personal property from husband to wife. If it were sought to reach here the goods once transferred by Mullan to appellant, or to reach the proceeds, or property purchased with any proceeds of such goods, a different question would be presented.

The bill of complaint is not framed upon the theory that appellant purchased the goods now sought to be reached with any proceeds of goods which were transferred to her by the judgment debtor; and if it were so framed, the evidence and the admissions of appellee effectually dispose of that theory of relief.

The decree is reversed and the cause remanded.